IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MANUEL RODRIGUEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:19-CV-1439-L** |
| | § | |
| **SELENE FINANCE, LP,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment ("Motion") (Doc. 19), filed April 1, 2020, to which no response was filed by Plaintiff. The court **grants** the Motion (Doc. 19) and **dismisses with prejudice** all claims asserted by Plaintiff in this action.

**I.      Factual and Procedural Background**

Manuel Rodriguez ("Plaintiff" or "Mr. Rodriguez") originally brought this action against Selene Finance, LP ("Defendant" or "Selene") in state court on May 31, 2019, after Selene initiated foreclosure proceedings against his residential property located at 2202 Royal Oaks Drive, Irving, Texas ("Property"). In his First Amended Complaint ("Complaint") (Doc. 8), filed on July 29, 2019, Plaintiff asserts claims against Selene for breach of contract, negligence, and alleged violations of the Texas Property Code. Plaintiff seeks monetary damages as well as relief to quiet title to his Property, based on his contention that the sale of the Property was invalid because it was done in violation of a temporary restraining order ("TRO") entered in state court on June 4, 2019, before Defendant removed the action to federal court on June 17, 2019. On April 16, 2020, Defendant moved for summary judgment on all of Plaintiff's claims and requests for relief. As indicated, Mr. Rodriguez did not respond to the Motion.

## II.   Motion for Summary Judgment Standard - No Response Required

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are

insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiff's failure to respond to Defendant's summary judgment motion does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* As Plaintiff's pleadings are not verified, he is "relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

**Memorandum Opinion and Order – Page 3**

**III.   Analysis**

    **A.   Negligence**

Defendant contends that Plaintiff's negligence claim based on Selene's alleged failure to comply with appropriate Department of Housing and Urban Development ("HUD") regulations fails as a matter of law because there is no private cause of action for violations of HUD regulations, and, even if there were, there is no evidence Selene violated any HUD regulation. In addition, Defendant contends that, Plaintiff's negligence claim based on its alleged failure to comply with terms of the loan documents also fails because, absent a legal duty, it cannot be held liable under Texas law for extra-contractual claims.

Defendant is correct. Even assuming that HUD regulations create a private cause of action, Plaintiff has not come forward with any evidence that Selene violated HUD regulations. Further, Plaintiff has not come forward with any evidence or valid explanation why he believes Selene owes him a legal duty as a result of the parties' relationship.[1] Accordingly, Defendant is entitled to judgment as a matter of law on this claim, which will be dismissed with prejudice.

    **B.   Texas Property Code**

Defendant contends that it is entitled to judgment on Plaintiff's claim for violations of the Texas Property Code based on Selene's alleged failure to provide requisite foreclosure sale notice because it has come forward with evidence that it provided such notice, whereas Plaintiff has no

---

[1] "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Haliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citation omitted). Absent a "special relationship," parties to a contract generally do not owe each other extr-contractual legal duties that would support a claim for negligence. *See UMLIC VP LLC v. T&M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied) (citations omitted). Further, Texas court that have addressed the issue of whether the relationship between mortgager and mortgagee qualifies as a "special relationship" have held that it does not. *Id.*; *see also Levels v. Merlino*, 969 F. Supp. 2d 704, 717 (N.D. Tex. 2013) (citing cases). In any event, Plaintiff has not come forward with evidence that would give rise to a "special relationship" between him and Selene, as required to establish a legal duty on the part Selene.

evidence to the contrary. The court agrees. As Plaintiff has not presented any evidence, he has failed to raise a genuine dispute of material fact regarding this issue, and Defendant is entitled to judgment as a matter of law on this claim, which will be dismissed with prejudice.

### C.    Breach of Contract

Defendant argues that Plaintiff's contract claim fails to the extent it is based on alleged HUD violations for the reasons stated. Additionally, Defendant contends that any contract claim by Plaintiff for breach of the Property loan document fails, as Plaintiff has no evidence he performed as required under the loan documents, and there is no evidence that Selene breached.

Given Plaintiff's failure to come forward with evidence, he has failed to raise a genuine dispute of material fact as to these two breach of contract elements.[2] Further, the court agrees with Defendant that Plaintiff's contract claim based on HUD violations fails for the reasons previously indicated. Accordingly, Plaintiff's contract claim will be dismissed with prejudice.

### D.    Quiet Title

Defendant contends that Plaintiff's request for relief to quiet title to the Property is based on the false allegation and premise that a TRO was in place when the foreclosure sale of the Property took place. Defendant points to evidence that the foreclosure sale took place on June 4, 2019, at 1:15 p.m., whereas Plaintiff did not obtain a TRO at 1:40 p.m., after the foreclosure sale was completed. Defendant also contends that there is no evidence that Plaintiff posted a bond before completion of the foreclosure sale as required for the TRO to take effect. Finally, Defendant

---

[2] "In Texas, '[t]he essential elements of a breach of contract claim are: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted).

**Memorandum Opinion and Order – Page 5**

contends that Plaintiff defaulted on his loan payments and has not shown that he tendered the amount owed on his note as required to quiet title to the Property.

Plaintiff's request to quiet title is based solely on his contention that Selene foreclosed on his Property in violation of the TRO entered in state court on June 4, 2019. Selene's evidence, however, refutes this contention, and Plaintiff has not come forward with evidence to the contrary as needed to raise a genuine dispute of material fact. Selene is, therefore, entitled to judgment as a matter of law on this claim or request for relief, which will be dismissed with prejudice.

## IV.   Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In response to Defendant's summary judgment motion, Mr. Rodriguez did not request to further amend his pleadings in the event the court determined that Defendant was entitled to judgment as a matter of law on his claims.[3] The court also notes that Mr. Rodriguez previously

---

[3] As Mr. Rodriguez never expressly requested leave to amend his pleadings, he is also foreclosed from raising the issue on appeal. *United States ex. rel.. Willard v. Humana Health Plan of Tex., Inc*., 336 F.3d 375, 387 (5th Cir. 2003).

**Memorandum Opinion and Order – Page 6**

amended his pleadings before Defendant moved for summary judgment. The court, therefore, concludes that he has pleaded his "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation. Additionally, Mr. Rodriguez has not shown good cause to amend his pleadings after expiration of the December 17, 2019 pleading amendment deadline. For all of these reasons, further amendment is not warranted.

**V.      Conclusion**

For the reasons explained, the court concludes that Plaintiff has failed to raise a genuine dispute of material fact as to any of his claim, and Defendant is entitled to judgment as a matter of law. The court, therefore, **grants** Defendant's Motion for Summary Judgment (Doc. 19) and **dismisses with prejudice** all claims asserted by Plaintiff against Defendant in this action. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 3rd day of August, 2020.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge